1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SALVADOR N. NEGRETE,

        Plaintiff,

    v.

G. D. LEWIS, et al.,

        Defendants.

Case No.  13-cv-05079-HSG (PR)

**ORDER DENYING DEFENDANTS'
MOTION TO REVOKE PLAINTIFF'S
IN FORMA PAUPERIS STATUS;
GRANTING MOTION TO DISMISS**

Re: Dkt. Nos. 12, 15, 26

      This is a civil rights case brought pro se by a prisoner.  Defendants have filed a motion to revoke plaintiff's in forma pauperis ("IFP") status, pursuant to 28 U.S.C. § 1915(g), because plaintiff has brought at least three prior actions or appeals that were dismissed as frivolous, malicious, or for failure to state a claim.  Defendants have also filed a motion to dismiss for failure to state a claim.  Plaintiff has opposed defendants' motions and filed his own motion seeking appointment of counsel.

**I.   MOTION TO REVOKE IN FORMA PAUPERIS STATUS**

     **Legal Standard**

      The Prison Litigation Reform Act of 1995 ("PLRA"), enacted April 26, 1996, provides that a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  The phrase "fails to state a claim on which relief may be granted," as used in § 1915(g), "parallels the language of Federal Rule of Civil Procedure 12(b)(6)."  *Andrews v. King*, 398 F.3d 1113, 1121

1   (9th Cir. 2005) (internal quotation marks omitted).  A case is "frivolous" within the meaning of §

2   1915(g) if "it is of little weight or importance: having no basis in law or fact."  *Id*. (internal

3   quotation marks and omitted).  A dismissal under § 1915(g) means that a prisoner cannot proceed

4   with his action as a pauper under § 1915(g), but he still may pursue his claim if he pays the full

5   filing fee at the outset of the action.

6   **Analysis**

7   Defendants assert that two actions and an appeal brought by plaintiff are strikes pursuant to

8   § 1915(g): *Negrete v. G.D. Lewis*, No. 12-cv-0809-RS (N.D. Cal. Jan. 29, 2013); *Negrete v.*

9   *Adams*, No. 08-cv-1284 (E.D. Cal. May 22, 2009); and *Negrete v. Adams*, No. 09-16354 (9th Cir.

10  Sept. 15, 2009).[1]  The Court disagrees.

11  In *Negrete v. G.D. Lewis*, No. 12-cv-0809-RS (N.D. Cal. Dec. 19, 2012), the Court

12  dismissed plaintiff's amended complaint because it failed to allege that he suffered an actual

13  injury.  That dismissal constitutes a strike pursuant to § 1915(g).  Contrary to plaintiff's argument,

14  the allegation of an actual injury is integral to a claim upon which relief may be granted.  *See Silva*

15  *v. Di Vittorio*, 658 F.3d 1090, 1100 (9th Cir. 2011) (plaintiff must allege "actual injury" to plead

16  claim for denial of access to the court); *Castillo v. Maddock*, No. C 95-1671, 1999 WL 236723, at

17  *3 (N.D. Cal. Apr. 13, 1999) ("Only if an actual injury is alleged has the plaintiff stated a claim

18  upon which relief may be granted").  Similarly, plaintiff's complaint in *Negrete v. Adams*, No. 08-

19  cv-1284 (E.D. Cal. May 22, 2009), was dismissed for failure to state a claim upon which relief

20  could be granted, and plaintiff concedes this is a strike.  Opposition at 2.

21  However, the Ninth Circuit's affirmance of the district court order in *Negrete v. Adams*,

22  No. 09-16354 (9th Cir. Sept. 15, 2009), does not constitute a strike under § 1915(g).  In its

23  opinion, the Ninth Circuit summarily affirmed the district court's judgment without an express

24  finding that plaintiff's appeal was frivolous, malicious, or failed to state a claim.  *See id.*  Although

25  dismissal of an appeal may count as a separate strike under § 1915(g), that result is inappropriate

26  where the affirmance simply finds no error at the district court level and does not separately

27

28  _____

[1]  A court may take judicial notice of public records.  *Lee v. City of Los Angeles*, 250 F.3d 668,
689 (9th Cir. 2001).

2

United States District Court
Northern District of California

1  address the merits of the appeal.  *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996).

2          Defendants argue that even though the Ninth Circuit did not use the exact words identified

3  in § 1915(g), its observation that the issues raised by plaintiff on appeal were "so insubstantial as

4  not to require further argument" constitutes the practical equivalent of a finding that the appeal

5  was "frivolous," "malicious," or "fail[ed] to state a claim."  *See* Def. Br. at 5 (quoting *O'Neal v.*

6  *Price*, 531 F.3d 1146, 1153 (9th Cir. 2008), for the proposition that the "use of alternative

7  terminology does not change" the conclusion that a dismissal is a strike).  The Court declines to

8  read such a finding into the Ninth Circuit's opinion.  Summary affirmance, even where the

9  appellate court notes that the issues raised were "insubstantial," does not necessarily establish that

10  the appeal was dismissed on grounds that trigger § 1915(g).  *See Farley v. Virga*, No. 11-cv-1830,

11  2012 WL 3070632, at *3 (E.D. Cal. July 26, 2012) (finding that summary affirmance by the Ninth

12  Circuit that noted the appeal was "insubstantial" did not constitute a strike under § 1915(g)).

13          Accordingly, defendants' motion to revoke plaintiff's IFP status is denied.

14  **II.  MOTION TO DISMISS**

15          In the complaint, plaintiff alleges that on October 21, 2010, he was removed from the

16  prison law library and defendants began the process to validate him as a gang member.  He

17  contends this was in retaliation for a petition for a writ of habeas corpus he had filed in state court

18  regarding prison lockdowns.  He also states that his right to due process was violated when he was

19  found guilty of a rules violation.

20          **Legal Standard**

21          A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal

22  sufficiency of the claims alleged in the complaint.  *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1199-1200

23  (9th Cir. 2003).  All allegations of material fact are taken as true.  *Erickson v. Pardus*, 551 U.S.

24  89, 94 (2007).  However, legally conclusory statements not supported by actual factual allegations

25  need not be accepted.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (courts are not bound to

26  accept as true "a legal conclusion couched as a factual allegation").  "A plaintiff's obligation to

27  provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a

28  formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v.*

United States District Court
Northern District of California

1  *Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (internal quotation marks omitted).

2  Rather, the allegations in the complaint "must be enough to raise a right to relief above the

3  speculative level." *Id*.

4       A motion to dismiss should be granted if the complaint does not proffer enough facts to

5  state a claim for relief that is plausible on its face. *See id*. at 558-59, 574. "[W]here the well-

6  pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the

7  complaint has alleged- but it has not 'show[n]'- 'that the pleader is entitled to relief.'" *Iqbal*, 556

8  U.S. at 679 (citation omitted).

9       "Within the prison context, a viable claim of First Amendment retaliation entails five basic

10  elements: (1) an assertion that a state actor took some adverse action against an inmate (2)

11  because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's

12  exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate

13  correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).

14  *Accord Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995) (prisoner suing prison officials under §

15  1983 for retaliation must allege that he was retaliated against for exercising his constitutional

16  rights and that the retaliatory action did not advance legitimate penological goals, such as

17  preserving institutional order and discipline).

18       **Analysis**

19       Plaintiff's complaint alleges that defendants placed him in the prison gang validation

20  process in retaliation for obtaining an order to show cause in a state habeas proceeding. *See*

21  Complaint at 3. This allegation is facially implausible, as the alleged retaliation occurred almost

22  three weeks *before* the order to show cause issued. *Compare id.* (alleging gang validation process

23  began on October 21, 2010) *with* Motion to Dismiss, Request for Judicial Notice, Ex. A (order to

24  show cause dated November 9, 2010).[2]

25       In the opposition to the motion to dismiss, plaintiff concedes that the complaint is

26  incorrect, and claims that defendants began the gang validation process after they received a

27

28  _____

[2] The Court takes judicial notice of the superior court order. *Lee*, 250 F.3d at 689.

September 29, 2010 order from the Superior Court, which requested an informal response to his habeas corpus petition. *See* Opp. at 1. Plaintiff also states that defendants were aware of the correct timeline. *Id.* However, plaintiff may not supplement the facts alleged in his complaint through an opposition. *See Broam v. Bogan*, 320 F.3d 1023, 1026 (9th Cir. 2003) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss.") (citation omitted) (emphasis in original). A complaint must stand or fall on the well-pleaded factual allegations contained therein, documents referred to in the complaint, and any judicially noticeable facts. *See Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000).

Accordingly, defendants' motion is granted, and the complaint is dismissed with leave to amend. Plaintiff may file an amended complaint to provide a clear statement of what occurred and a correct chronology of the pertinent events. Plaintiff must present sufficient allegations that demonstrate defendants' actions were because of plaintiff's protected conduct.

### III. APPOINTMENT OF COUNSEL

Plaintiff has requested the appointment of counsel. A district court may ask counsel to represent an indigent litigant only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits, and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Plaintiff appears able to present his claims adequately, and the issues are not complex. Therefore, the motion to appoint counsel will be denied.

### IV. CONCLUSION

1. The motion to revoke plaintiff's IFP status (Docket No. 12) is **DENIED**.

2. The motion to dismiss (Docket No. 15) is **GRANTED**, and the complaint is dismissed with leave to amend, as discussed above, within **twenty-eight (28) days** of the date this order is filed and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik*

*v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  Plaintiff may not incorporate material from the prior complaint by reference.

       3.      The motion to appoint counsel (Docket No. 26) is **DENIED**.

     **IT IS SO ORDERED**.

Dated: February 18, 2015

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge

United States District Court
Northern District of California