UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SALVADOR N. NEGRETE,

    Plaintiff,

v.

G. D. LEWIS, et al.,

    Defendants.

Case No. 13-cv-05079-HSG (PR)

**ORDER OF DISMISSAL WITH FURTHER LEAVE TO AMEND; DENYING MOTION TO STAY CASE**

Re: Dkt. No. 33

Plaintiff, a state prisoner at Pelican Bay State Prison ("PBSP"), filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983. On February 18, 2015, the Court granted defendants' motion to dismiss but gave plaintiff leave to amend. Plaintiff has filed a first amended complaint ("FAC"), which is now before the Court for review under 28 U.S.C. § 1915A.

## BACKGROUND

The following is taken from the FAC and exhibits thereto:

At some point in 2010, plaintiff filed a petition for writ of habeas corpus in state court challenging PBSP's Facility B lockdown. In September 2010, defendant G.D. Lewis, former PBSP warden, filed an informal response to the petition. Included with the response were declarations from defendants PBSP correctional staff members R.K. Bell and A. Bareburg stating that plaintiff would be starting the gang validation process. On September 30, 2010, plaintiff was removed from the prison law library and was informed that he was being placed in the gang validation process.

On March 24, 2011, plaintiff attended a hearing in state court relating to the above-mentioned state habeas action. Upon his return to PBSP, he was not taken to his assigned housing unit. Instead, he was escorted to a holding area where defendants PBSP correctional staff

members D. Strain and A. Fane informed him that he was being charged with a Rules Violation Report ("RVR") for possession of an inmate manufactured weapon. According to the RVR, on March 24, 2011, defendant Fane conducted a search of a large manila envelope belonging to plaintiff. The envelope contained letters and papers belonging to plaintiff, along with a wide metal object that had been removed from a book in the law library. A library officer reported that on the same morning, prior to his transportation to court, plaintiff had checked out the book that the metal was believed to have come from. The library officer also reported that when plaintiff was told transportation staff was about to pick him up, plaintiff asked another inmate to take his legal envelope back to plaintiff's housing unit.

On April 13, 2011, plaintiff had a hearing on the RVR. Defendant PBSP correctional lieutenant J. Lawry presided over the hearing and found plaintiff guilty of possession of a deadly weapon. As a result of the guilty finding, plaintiff lost 360 days of credit, as well as canteen and yard privileges. He was also referred to the institutional classification committee for assessment of a term in the Security Housing Unit.

On May 6, 2011, plaintiff met with PBSP law librarian McCumsey regarding a separate matter. Ms. McCumsey told plaintiff that she had attempted to submit an RVR against plaintiff for destruction of state property, relating to the piece of metal that was removed from the prison law library book. She informed plaintiff that defendants instructed her not to do so as they were already writing plaintiff up on other charges.

## DISCUSSION

**A.     Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Legal Claims**

   **1.     Retaliation**

Plaintiff alleges that defendants' acts of placing him in the gang validation process, issuing the RVR against him, and finding him guilty on the RVR were all done in retaliation for his filing of the 2010 state habeas petition.

Retaliation by a state actor for the exercise of a constitutional right is actionable under 42 U.S.C. § 1983, even if the act, when taken for different reasons, would have been proper. *See Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 283-84 (1977). Retaliation, though it is not expressly referred to in the Constitution, is actionable because retaliatory actions may tend to chill individuals' exercise of constitutional rights. *See Perry v. Sindermann*, 408 U.S. 593, 597 (1972). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate

3

correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).

Plaintiff's conclusory allegations that defendants acted in retaliation fall short. There are no facts alleged suggesting defendants started the gang validation process or acted on the RVR because of protected conduct, or that the actions chilled plaintiff's First Amendment rights, or that the actions did not reasonably advance a legitimate correctional goal. Retaliation is not established simply by showing adverse activity by a defendant after protected speech; rather, plaintiff must show a nexus between the two. *See Huskey v. City of San Jose*, 204 F.3d 893, 899 (9th Cir. 2000) (retaliation claim cannot rest on the logical fallacy of *post hoc, ergo propter hoc*, i.e., "after this, therefore because of this").

Accordingly, plaintiff's retaliation claim is DISMISSED for failure to state a claim.

**2.     Due Process**

Plaintiff alleges he was denied due process in connection with the RVR because the metal object was in the possession of another prisoner when it was found, plaintiff was never shown the folder or legal papers that the metal object was found with, and the metal object was not a weapon.

An inmate in California is entitled to due process before being disciplined when the discipline imposed will inevitably affect the duration of his sentence or will impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *See Sandin v. Conner*, 515 U.S. 472, 484, 487 (1995). The process due in a prison disciplinary proceeding that inevitably affects the duration of the sentence or imposes an atypical and significant hardship includes written notice, time to prepare for the hearing, a written statement of decision, allowance of witnesses and documentary evidence when not unduly hazardous, and aid to the accused where the inmate is illiterate or the issues are complex. *Wolff v. McDonnell*, 418 U.S. 539, 564-70 (1974). Due process also requires that there be "some evidence" to support the disciplinary decision. *Superintendent v. Hill*, 472 U.S. 445, 454 (1985). The Due Process Clause only requires that prisoners be afforded those procedures mandated by *Wolff* and its progeny; it does not require that a prison comply with its own, more generous procedures. *See Walker v. Sumner*, 14 F.3d 1415, 1419-20 (9th Cir. 1994).

In his FAC, plaintiff fails to identify the procedural protections he was not given in the

4

disciplinary proceeding. He only asserts that the charges were false. A prisoner has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest. *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989); *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986). As long as a prisoner is afforded procedural due process in the disciplinary hearing, allegations of a fabricated charge fail to state a claim under Section 1983. *Hanrahan v. Lane*, 747 F.2d 1137, 1140-41 (7th Cir. 1984).

In any event, this claim appears to be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a Section 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck*, 512 U.S. at 486-87. *Heck* bars a claim of unconstitutional deprivation of time credits because such a claim necessarily calls into question the lawfulness of the plaintiff's continuing confinement, i.e., it implicates the duration of the plaintiff's sentence. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997). Because plaintiff lost time credits, and it does not appear that the 2011 disciplinary finding of which he complains has been invalidated, *Heck* bars his claim for damages.

Accordingly, plaintiff's due process claim is DISMISSED for failure to state a claim.

**3.     Eighth Amendment**

Plaintiff attempts to add an Eighth Amendment claim to his FAC. Specifically, plaintiff alleges that the above acts violated his right to be free from cruel and unusual punishment because they subjected him to the stress and fear of prison gang validation and of false disciplinary charges. As discussed above, however, plaintiff has not proffered allegations sufficient to establish that defendants' acts were unconstitutional. The Court finds no basis on which they can proceed separately as Eighth Amendment claims.

Plaintiff also alleges that he was forced to sleep, eat, and live in a cramped temporary holding cell for the four days between being charged with the RVR and being moved to

Administrative Segregation. A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)), and (2) the prison official possesses a sufficiently culpable state of mind, *id.* (citing *Wilson*, 501 U.S. at 297). In determining whether a deprivation of a basic necessity is sufficiently serious to satisfy the objective component of an Eighth Amendment claim, a court must consider the circumstances, nature, and duration of the deprivation. The more basic the need, the shorter the time it can be withheld. *See Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000). Here, placing a prisoner in a cramped cell for four days is not objectively or sufficiently serious to establish an Eighth Amendment claim. *See Harris v. Fleming*, 839 F.2d 1232, 1235-36 (7th Cir. 1988) (five days in a "filthy, roach-infested cell" did not violate the Eighth Amendment); *Holloway v. Gunnell*, 685 F.2d 150, 156 (5th Cir. 1985) (no claim stated where prisoner forced to spend two days in hot dirty cell with no water); *Evans v. Fogg*, 466 F. Supp. 949, 950 (S.D.N.Y. 1979) (no claim stated by prisoner confined for 24 hours in refuse strewn cell and for two days in flooded cell). Even assuming that these allegations state an Eighth Amendment claim, plaintiff does not link any defendant to this claim, let alone show how any defendant possessed a sufficiently culpable state of mind.

Accordingly, plaintiff's Eight Amendment claim is DISMISSED for failure to state a claim.

### 4. Equal Protection

Plaintiff also attempts to add an equal protection claim to his FAC.

"The Equal Protection Clause requires the State to treat all similarly situated people equally." *Shakur v. Schriro*, 514 F.3d 878, 891 (9th Cir. 2008) (citation omitted). "To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

Plaintiff fails to state an equal protection claim. First, he has not alleged facts showing that

he is a member of a protected class. Second, even if he had alleged such facts, he has not alleged facts showing that he was discriminated against because of his membership in that class. Third, he has alleged no facts showing a discriminatory intent.

Accordingly, plaintiff's equal protection claim is DISMISSED for failure to state a claim.

## C. Further Leave to Amend

Because there are no cognizable claims, the Court has no choice but to dismiss the FAC for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b). The Court notes, however, that plaintiff was never given guidance on the deficiencies in his claims. Defendants' earlier motion to dismiss, and the Court's order thereon, addressed only one component of plaintiff's retaliation claim. Accordingly, plaintiff will be given one last opportunity to amend to attempt to allege a cognizable claim.

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. Within **twenty-eight (28) days** from the date of this order, plaintiff may, but is not required to, file a second amended complaint to cure the deficiencies noted above, if he truthfully can do so. Plaintiff shall use the court's civil rights complaint form, a copy of which is provided herewith, and include in the caption both the case number of this action, No. C 13-5079 HSG (PR), and the heading "SECOND AMENDED COMPLAINT." **Failure to file a second amended complaint within twenty-eight days and in accordance with this order will result in a finding that further leave to amend would be futile, and this action will be dismissed.**

2. Plaintiff is advised that an amended complaint supersedes the prior complaints. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981). Plaintiff may not incorporate material from the prior complaints by reference. Defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

3. The Clerk of the Court shall provide plaintiff with a blank civil rights complaint form.

4.     Defendants' motion to stay the case until the FAC has been screened is DENIED as moot.

This order terminates Docket No. 33.

**IT IS SO ORDERED.**

Dated: 7/6/2015

HAYWOOD S. GILLIAM, JR.
United States District Judge

8