UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALVADOR N. NEGRETE,<br><br>    Plaintiff,<br><br>    v.<br><br>G. D. LEWIS, et al.,<br><br>    Defendants. | Case No. 13-cv-05079-HSG (PR)<br><br>**ORDER OF PARTIAL SERVICE AND PARTIAL DISMISSAL** |

Plaintiff, a state prisoner at Pelican Bay State Prison ("PBSP"), filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging due process and retaliation claims against staff and officials at PBSP. On February 18, 2015, the Court granted defendants' motion to dismiss plaintiff's retaliation claim but gave plaintiff leave to amend. On July 6, 2015, the Court reviewed plaintiff's first amended complaint ("FAC") and dismissed it with further leave to amend to cure several specific deficiencies. Plaintiff has filed a second amended complaint ("SAC"), which the Court now reviews pursuant to 28 U.S.C. § 1915A.

## DISCUSSION

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

1    Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the
2    claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the
3    statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon
4    which it rests.'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although
5    in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's
6    obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and
7    conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .
8    Factual allegations must be enough to raise a right to relief above the speculative level." *Bell
9    Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint
10   must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

11   To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
12   (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that
13   the alleged violation was committed by a person acting under the color of state law. *See West v.*
14   *Atkins*, 487 U.S. 42, 48 (1988).

15   **B.    Legal Claims**
16       **1.    Retaliation Claims**

17   Plaintiff alleges that in June 2010 he filed a petition for writ of habeas corpus in Del Norte
18   County Superior Court challenging PBSP's lock-down of Southern Hispanic inmates. In July
19   2010, the state court issued a request for an informal response. On or about September 22, 2010,
20   the office of the state attorney general filed an informal response, which was accompanied by a
21   declaration by defendant A. Barneburg. On September 30, 2010, Barneburg retaliated against
22   plaintiff by strip-searching him in the law library in the presence of other staff and inmates and
23   informing him that he was being placed in the gang validation process based on evidence that had
24   been previously been found insufficient to validate plaintiff as a gang member.

25   In October 2010, plaintiff filed a motion for a temporary restraining order in state court,
26   seeking to halt gang validation proceedings. On November 9, 2010, the state court issued an order
27   to show cause on the motion. Also in November 2010, plaintiff filed an inmate grievance against
28   Barneburg, asking to be removed from the gang validation process. On December 28, 2010, the

grievance was partially granted, and plaintiff was allowed to remain in the general population.

In April 2011, plaintiff was found guilty of possessing an inmate-manufactured weapon and was assessed a credit loss as well as loss of privileges. In October 2011, plaintiff filed a petition for writ of habeas corpus in Del Norte County Superior Court challenging the disciplinary finding. On October 27, 2011, the state court issued a request for an informal response. On or about November 29, 2011, the office of the state attorney general filed an informal response. On December 12, 2011, Barneburg retaliated against plaintiff by ransacking his cell and charging him with possession of prohibited photographs.

Liberally construed, these allegations state cognizable First Amendment retaliation claims as against defendant Barneburg.

### 2. Eighth Amendment Claim

Plaintiff alleges that while he was undergoing disciplinary proceedings for possession of an inmate-manufactured weapon, he was placed on Administrative Segregation Unit ("ASU") lockdown. Rather than housing him in the ASU, however, defendant D. Strain placed him in a Security Housing Unit ("SHU") cell. The SHU cell was approximately 5-feet long by 3-feet wide, and held a concrete bench running the length of the wall as well as a sink and toilet connected to the back wall and taking up the width of the cell. The cell was unheated and had no ventilation apart from some holes in the walls and door. Plaintiff remained in the SHU cell for four days. During that time he was provided only with underwear, socks, a sheet and blanket, and a ragged mattress that he had to place on the dirty floor. Because plaintiff is 5-feet and 9-inches tall, he had to sleep in a cramped position, causing injury to his lower back.

Liberally construed, these allegations state a cognizable Eighth Amendment claim for deprivation of basic needs as against defendant Strain as well as defendant PBSP Warden G.D. Lewis.

### 3. Remaining Claims

Plaintiff also attempts to allege various due process and equal protection claims. The SAC fails to cure the deficiencies identified in the Court's July 6, 2015 order of dismissal with further leave to amend. Accordingly, the due process and equal protection claims are DISMISSED.

3

1  Further leave to amend will not be granted because plaintiff has already amended twice, and it
2  appears further amendment would be futile.

### CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's complaint states cognizable claims for: (1) retaliation as against A. Barneburg; and (2) deprivation of basic needs as against D. Strain and G.D. Lewis. The Clerk shall terminate all other defendants.

2. In order to expedite the resolution of this case, the Court orders as follows:

   a. No later than **91 days** from the date this Order is filed, defendants must file and serve a motion for summary judgment or other dispositive motion. If defendants are of the opinion that this case cannot be resolved by summary judgment, defendants must so inform the Court prior to the date the motion is due. A motion for summary judgment also must be accompanied by a *Rand* notice so that plaintiff will have fair, timely, and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment). A motion to dismiss for failure to exhaust available administrative remedies similarly must be accompanied by a *Wyatt* notice. *Stratton v. Buck*, 697 F.3d 1004, 1008 (9th Cir. 2012).

   b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon defendants no later than **28 days** from the date the motion is filed. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment. Plaintiff also must bear in mind the notice and warning regarding motions to dismiss for non-exhaustion provided later in this order as he prepares his opposition to any motion to dismiss.

   c. Defendants **shall** file a reply brief no later than **14 days** after the date the opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion.

3. Plaintiff is advised that a motion for summary judgment under Rule 56 of the

Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.  *Rand v. Rowland,* 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).

Plaintiff also is advised that a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice.  You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by defendants in their motion to dismiss.  *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

(The *Rand* and *Wyatt* notices above do not excuse defendants' obligation to serve said notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment.  *Woods*, 684 F.3d at 939).

4.     All communications by plaintiff with the Court must be served on defendants' counsel by mailing a true copy of the document to defendants' counsel.  The Court may disregard any document which a party files but fails to send a copy of to his opponent.  Until a defendants' counsel has been designated, plaintiff may mail a true copy of the document directly to defendants, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

5.     Discovery may be taken in accordance with the Federal Rules of Civil Procedure.

1  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required
2  before the parties may conduct discovery.

3      6.    Plaintiff is responsible for prosecuting this case.  Plaintiff must promptly keep the
4  Court informed of any change of address and must comply with the Court's orders in a timely
5  fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant
6  to Federal Rule of Civil Procedure 41(b).  Plaintiff must file a notice of change of address in every
7  pending case every time he is moved to a new facility.

8      7.    Any motion for an extension of time must be filed no later than the deadline sought
9  to be extended and must be accompanied by a showing of good cause.

10      8.    Plaintiff is cautioned that he must include the case name and case number for this
11  case on any document he submits to the Court for consideration in this case.

12  **IT IS SO ORDERED.**

13  Dated: 12/18/2015

*(signature)*
HAYWOOD S. GILLIAM, JR.
United States District Judge