UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALVADOR N. NEGRETE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>G. D. LEWIS, et al.,<br><br>　　　　Defendants. | Case No. 13-cv-05079-HSG (PR)<br><br>**ORDER DENYING PLAINTIFF'S REQUEST TO STAY MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 51 |

　　　　Plaintiff, a state prisoner at Pelican Bay State Prison ("PBSP") proceeding *pro se*, filed a second amended civil rights complaint ("SAC") pursuant to 42 U.S.C. § 1983. On December 18, 2015, the Court screened the SAC and found it stated a cognizable claim that defendant PBSP Sergeant A. Barneburg investigated plaintiff for gang activity and ransacked plaintiff's cell in retaliation for plaintiff's filing of state court habeas actions. The Court also found the SAC stated a cognizable claim that defendants PBSP Warden G.D. Lewis and Lieutenant D. Strain violated plaintiff's Eighth Amendment rights by housing him in a cramped, dirty, and unheated cell in the PBSP security housing unit ("SHU") for four days.

　　　　On March 18, 2016, defendants filed a motion for summary judgment. On April 4, 2016, plaintiff filed a motion to deny defendants' motion for summary judgment, or in the alternative, to stay proceedings under Federal Rule of Civil Procedure 56(d) to allow plaintiff additional time to obtain discovery. Defendants have filed an opposition, and plaintiff has filed a reply. For the reasons stated below, the Court DENIES plaintiff's motion.

Rule 56(d) allows the Court to defer consideration of a motion for summary judgment where "a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot represent facts essential to justify its opposition [to a motion for summary judgment]." To obtain additional time to conduct discovery under Rule 56(d), "[t]he requesting party must show: (1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.,* 525 F.3d 822, 827 (9th Cir. 2008). "Failure to comply with these requirements is a proper ground for denying discovery and proceeding to summary judgment." *Id.* (internal quotation marks omitted). The party seeking a Rule 56(d) continuance bears the burden of proffering facts sufficient to satisfy its requirements. *See Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 921 (9th Cir. 1996).

Plaintiff has failed to make the necessary showing for a continuance under Rule 56(d). First, he has not supported his request with the requisite affidavit. Furthermore, although he has attempted to articulate what specific facts he seeks to elicit, he fails to show that they exist or that they are essential to his ability to oppose defendants' motion for summary judgment. Plaintiff argues that he needs to show the Court that "there were no photographs of [him] in any gang file[.]" Dkt. No. 51 at 2. Plaintiff fails to explain, however, how having or not having a photograph in his file would show retaliation or how this is otherwise relevant to his claims. Plaintiff also asserts that he needs discovery to show that nude photographs confiscated from his cell "were not hidden," as defendants claim, but were "actually within a photo album." *Id.* at 2-3. Again, plaintiff does not explain how the location of the photographs is relevant to his claims. Finally, plaintiff argues that he needs discovery to obtain information on the design of the SHU. Specifically, plaintiff claims that discovery will show that the "temperature thermometers" were located far from his cell in the SHU. *Id.* at 3. Once more, plaintiff does not explain how the distance of the thermometers affected the temperature, or any other condition, in his cell. In any event, as to all three purported facts that plaintiff seeks to elicit, plaintiff may simply assert these facts in a declaration submitted with his opposition to summary judgment. Discovery is not necessary to establish this information. In sum, plaintiff has not identified specific facts likely to

be discovered through his requests that are necessary to preclude summary judgment. *See Family Home*, 525 F.3d at 827.

Accordingly, plaintiff's motion to stay summary judgment proceedings is DENIED. However, because plaintiff's opposition to defendants' motion for summary judgment is now overdue, the Court will GRANT plaintiff an extension of time within which to file his opposition. Within **thirty-five (35)** days of the filing date of this order, plaintiff must file his opposition. Defendants shall file their reply within **fourteen (14)** days thereafter.

This order terminates Docket No. 51.

**IT IS SO ORDERED.**

Dated: 5/5/2016

HAYWOOD S. GILLIAM, JR.
United States District Judge